UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DUSTIN CHASE LITTLEFIELD and )
CHARITY MICHELLE SNYDER )
LITTLEFIELD, )
 )
        Plaintiffs, )
 )
v. ) Case No. 21-CV-055-CVE-JFJ
 )
GILEAD SCIENCES INC., DANIEL O'DAY, )
JOHN C. MILLIGAN, JOHN C. MARTIN, )
GERONIMO SAHAGUN, BLACKROCK )
FUNDADVISORS, BLACKROCK )
STOCKHOLDERS, SSGA FUNDS )
MANAGEMENT COMPANY, )
VANGUARD GROUP, and BANNER )
HEALTH, )
 )
        Defendants. )

## OPINION AND ORDER

Before the Court are plaintiffs' complaint (Dkt. # 1) and plaintiffs' motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiffs, appearing pro se, have filed a complaint (Dkt. # 1) alleging claims related to health problems suffered by Charity Michelle Snyder Littlefield (Charity Littlefield) after taking a prescription medication known as Harvoni. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On February 10, 2021, plaintiffs filed a pro se complaint in this Court, and they state that they are citizens of Oklahoma. The complaint identifies the manufacturer of Harvoni, Gilead Sciences Inc., as a defendant, and the complaint also lists numerous entities and individuals as defendants who

were allegedly associated with the testing and marketing of Harvoni.  Plaintiffs allege that Gilead Sciences Inc. is based in Foster City, California.  Plaintiffs allege that a physician, Geronimo Sahagun, improperly prescribed Harvoni for Charity Littlefield, and Sahagun is a citizen of Alaska.  The complaint does not set forth specific claims against any of the defendants, but the gist of plaintiffs' allegations is that Charity Littlefield had an overdose or reaction to Harvoni and suffered serious mental and physical injuries as a result.  Plaintiffs claim that Harvoni is an experimental drug and that defendants violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq.[1]  Dkt. # 1, at 1.

Plaintiffs seek leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005).  Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted."  A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ."  Id.  A reviewing court need not

---

[1]  Harvoni was approved by the Food and Drug Administration for the treatment of Hepatitis C in October 2014.

accept "mere conclusions characterizing pleaded facts." <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see also</u> <u>Bell Atlantic Corp. v.Twombly</u>, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court initially notes that plaintiffs have not alleged facts suggesting that, venue is proper in, or that the defendants would be subject to the personal jurisdiction of, this Court. <u>See</u> <u>Cleveland v. Harvanek</u>, 2013 WL 2538465, *2 (W.D. Okla. June 6, 2013); <u>Lewis v. Alternative Dining, Inc.</u>, 2009 WL 10706686 (D.N.M. Dec. 30, 2009). The complaint alleges that Charity Littlefield received a prescription for Harvoni after emergency room visits in Seattle and Alaska, and the prescribing physician, Geronimo Sahugan, is a citizen of Alaska. Dkt. # 1, at 8. Plaintiffs state that they now reside in Pryor, Oklahoma, but there are no allegations in the complaint that would support a finding that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Oklahoma. There are also no factual allegations suggesting that any of the defendants had sufficient minimum contacts with Oklahoma or, for that matter, any contact at all with the forum state. The Court may <u>sua</u> <u>sponte</u> consider venue and personal jurisdiction as part of a § 1915 screening when "the defense is obvious from the face of the complaint and no further factual record is required to be developed." <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1217 (10th Cir. 2006). This is a situation when it is obvious from the face of the complaint that the Court lacks personal jurisdiction over the

defendants and that venue is improper. The Court has considered whether the case could be transferred to another forum, but there is no single forum where it would be convenient for all parties to proceed.

The Court has also reviewed the complaint to determine whether plaintiffs have stated a claim upon which relief can be granted. The complaint contains a rambling series of allegations concerning Charity Littlefield's health problems after taking Harvoni, but there are no allegations tying these health problems to the acts of any specific defendant. Plaintiffs cite the Federal Food, Drug, and Cosmetic Act and claim that defendants violated this act, but this act does not create a private right of action that would allow plaintiffs to sue defendants for alleged violations of the act. The Court has broadly construed the allegations of plaintiffs' pro se complaint, but the Court does not find that the complaint provides reasonable notice that would permit any of the defendants to discern the nature of plaintiffs' claims against them. Therefore, the complaint is also subject to dismissal for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiffs' complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiffs' motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 23rd day of February, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE